IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN CLARK,<br><br>        Plaintiff,<br><br>   v.<br><br>WONG,<br><br>        Defendant. | No.  2:23-CV-1439-DMC-P<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 29.  Defendant has filed an opposition.  ECF No. 32.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends that appointment of counsel is warranted because he has lost the sight in his right eye and is suffering from headaches. See ECF No. 29. While the Court sympathizes with Plaintiff's loss of eyesight, it does not appear that this has prevented Plaintiff from prosecuting his action on his own. Specifically, despite Plaintiff's vision difficulties, Plaintiff has been able to file an opposition to Defendant's motion for summary judgment.[1] See ECF No. 30. Moreover, given the pending motion for summary judgment, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits which would support the appointment of counsel. Finally, a review of the issues presented in this case reflects that they are neither factually nor legally complex such that Plaintiff will be unable to proceed on his own.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel, ECF No. 29, is denied.

2. Plaintiff's motion for an extension of time, ECF No. 28, to file an opposition to Defendant's motion for summary judgment is granted and Plaintiff's opposition brief filed on April 23, 2025, is deemed timely.

Dated:  June 11, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will grant Plaintiff's motion for an extension of time to file an opposition, ECF No. 28, and deem Plaintiff's opposition brief to be timely. Defendant's motion for summary judgment will be addressed separately.

2